IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

QUENTEZ THRASHER,            :
JESSIE L. BROWN,             :
JEREMIAH WEST
LUKE McCLENDON,              :
                             :
            Plaintiffs,      :
                             :
      VS.                    :        NO. 4:26-cv-846-CDL-ALS
                             :
Sheriff GREG COUNTRYMAN,     :
Warden BOB TREMBLEY,         :
                             :
            Defendants.      :
_____  :

## ORDER OF DISMISSAL

Plaintiffs, all inmates at the Muscogee County Jail in Columbus, Georgia, have filed a pleading that has been docketed as a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiffs request leave to proceed *in forma pauperis*. ECF No. 2.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action be responsible for the Court's filing fee. 28 U.S.C. § 1915(b). The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and conclusion "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit in *Hubbard*

noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98. As it does not appear Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, the action is **DISMISSED WITHOUT PREJUDICE** and the motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED as moot.**[1] Each Plaintiff may file a separate complaint utilizing the Court's standard form in which he asserts only claims personal to him, if he so chooses. Each Plaintiff should also either pay the filing fee or submit a motion to proceed *in forma pauperis* that includes a certified copy of his inmate account statement for the preceding six months.

SO ORDERED, this 26th day of May, 2026.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court notes that Plaintiffs may also be seeking to bring claims as a class action complaint. *See* ECF No. 1 at 1. However, a *pro se* Plaintiff may not represent the interests of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")); *Bass v. Benton*, 408 F.App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's *pro se* § 1983 complaint on basis that he "may not represent the plaintiffs in a class action suit"). It is well established that a *pro se* plaintiff "cannot be an adequate class representative." *Gray v. Levine*, 455 F. Supp. 267, 268 (D. Md. 1978) (citing *Oxendine*, 509 F.2d at 1407; *see also Fymbo v. State Farm Fire and Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) (citing *Oxendine*, 509 F.2d at 1407) ("[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'").

2